IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division



FILED IN OPEN COURT

AUG 2 5 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID MICHAEL HOOKE,<br><br>Defendant. | No. 2:22-cr-61 |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. In March 2021, the Federal Bureau of Investigation (FBI) received information from the Harrisonburg Police Department and the Albemarle County Police Department regarding IP address 70.161.222.32 (the Target IP Address) distributing images of minors engaging in sexually explicit conduct (SEC) via the peer-to-peer ("P2P") BitTorrent network.

2. Law enforcement observed the computer associated with the Target IP address sharing files of interest (i.e. files previously identified by law enforcement as containing images depicting minors engaging in SEC) over the P2P network on several dates from December 2020 through April 2021.

3. Using publicly available search tools, law enforcement determined that the Target IP Address was controlled by Internet Service Provider Cox.

4. On or about April 7, 2021, law enforcement served an administrative subpoena on Cox for subscriber information relating to the use of the Target IP Address. Cox provided that the account holder was Morris Guy Warren at a house in Chesapeake, Virginia (the "Chesapeake

Address"). The records show the Target IP address was assigned to this account between October 24, 2020, and May 6, 2021.

5. Chesapeake is within the Eastern District of Virginia.

6. The Chesapeake Address was found to be owned by Onesimus Ministries and is known as Onesimus Transition Center (OTC). It is a residential facility for men who have been released from prison.

7. During the relevant time period, according to the Onesimus Ministries' website, it appeared that 15 people lived in the home. The Virginia State Police sex offender registry site also listed multiple registered sex offender as residents at the home.

8. Defendant DAVID MICHAEL HOOKE was a resident at the OTC.

9. In 2016, DAVID MICHAEL HOOKE was convicted of possession of child pornography, in violation of Virginia Code § 18.2-374.1:1, in the Franklin Circuit Court. During the relevant time period, HOOKE was registered on Virginia's sex offender registry with his current address being listed as the Chesapeake Address.

10. On September 13, 2021, U.S. Magistrate Judge Douglas E. Miller issued a lawful search warrant from the U.S. District Court for the Eastern District of Virginia (Norfolk Division) for the Chesapeake Address. On September 16, 2021, law enforcement officers executed the warrant at the Chesapeake Address. During the search of the residence, after he was advised of his *Miranda* rights, DAVID MICHAEL HOOKE, among others, was interviewed.

11. HOOKE stated that he had resided at the Chesapeake Address since August 2018 or 2019. HOOKE stated that he used Morris Guy Warren's Internet service, and Warren had directly entered the password for the Internet onto HOOKE's electronic devices.

2



12. Law enforcement questioned HOOKE about activity involving the visual depictions of minors engaging in SEC. Eventually, HOOKE admitted he had been looking for images of minors engaging in SEC, and stated he last looked for those types of images about a month prior to the interview.

13. Law enforcement seized numerous pieces of electronic and computer media belonging to HOOKE during the search. All of the media was manufactured outside of Virginia.

14. A forensic analysis of the computer media belonging to HOOKE seized during the warrant revealed that several of HOOKE's electronic media devices contained evidence of criminal activity involving images of minors engaging in SEC.

15. An example of one of the images on HOOKE's hard drive was of a naked, prepubescent girl who is holding her legs open towards the camera and touching her vaginal area.

16. The investigation and evidence from the forensic examination revealed that between on or about May 18, 2021, and on or about September 16, 2021, in Chesapeake, within the Eastern District of Virginia, defendant DAVID MICHAEL HOOKE did knowingly possess an HP laptop computer containing at least one visual depiction of a prepubescent minor or who was below 12 years of age, engaging in SEC. The visual depiction of the minor engaged in SEC had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce. The visual depiction was produced using materials which had been so mailed, shipped, and transported, by any means, including by computer.

17. The defendant knew that the visual depictions described herein and other images involved in this conduct were images depicting actual minors engaging in SEC.



18. The defendant's participation in the events described was undertaken knowingly, intentionally, and unlawfully, and not as a result of an accident, mistake, or other innocent reason.

19. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case, nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Elizabeth M. Yusi
Assistant United States Attorney



U.S. v. DAVID MICHAEL HOOKE, 2:22cr61

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
DAVID MICHAEL HOOKE

I am DAVID MICHAEL HOOKE's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Mary T. Morgan, Esq.
Counsel for Defendant

5

